EAGAN<br>v.<br>BELL.

---

## CITY OF NEW ORLEANS v. JOHN T. JETER

After the delay has expired for citing delinquent tax payers under the Act of the Legislature of March, 20th, 1855, providing the mode of collecting city taxes, the procedings are to be conducted by the City Attorney by virtue of the Thirty-Fifth Section of that Act.

The Act of the Legislature of 1855, which provides that a commission of five per cent. should be added to each tax bill for the fees of the City Attorney, was repealed by the Act of 1856.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Laville & Morel*, for plaintiff. *Hiestand & Leovy*, for defendant and appellant.

COLE, J. This is a suit for taxes due the city of New Orleans on real estate in 1857.

There was judgment for plaintiff, and defendant has appealed.

There are two points made by appellant.

1. That the Assistant City Attorney had not the right to institute this proceeding.

The Act of the Legislature, approved March 20th, 1856, entitled, " An Act to amend an Act entitled an Act to consolidate the city of New Orleans and to provide for the government of the city of New Orleans and the administration of the affairs thereof, " section 107, provides that it is the duty of the Treasurer to put in suit in courts of competent jurisdiction all unpaid bills for taxes levied upon property assessed in the several districts, and that it shall be the duty of the Justice of the Peace and the Clerks of the Courts in which such suits may be brought, by an advertisement in the official journal of the city, to cite all said delinquent tax payers to appear, within fifteen days from the date of the first insertion of said advertisement, before the respective courts in which the bills are put in suit, and answer the demand contained in said tax bills ; and as soon as the delay for answering, expressed in said advertisement, shall have expired, then the further proceeding in said suit shall be conducted according to law.

It appears then from this section, that from the commencement of the suit up to the time that the delay expires the city Attorney is not required to act, but that the proceedings may be conducted by the Treasurer, Justice of the Peace and Clerk of the Court.

The proper officers appear to have prosecuted the proceedings at bar up to the time that the delay expired, and as the statute does not absolutely require the motion for a default, nor mention the person who is authorised to take it, the action

NEW ORLEANS
*v*
JETER.

of the Assistant City Attorney in moving for the same can not be considered illegal.

After the delay has expired, then the proceedings are to be conducted by the City Attorney by virtue of the thirty-fifth section of said Act, except for bills for fines, dues or licenses, designated and intended by sections 103, 104 and 105 of said Act, which are by section 107 to be sued for by the Assistant City Attorney.

2. The Act of 1853, p. 86, Session Acts, amending the consolidation Act, and making it the duty of the City Treasurer to hand all unpaid bills for taxes to the Assistant City Attorney for collection, and adding a commission of five per cent. to the amount of each bill for the fees of the Assistant City Attorney, is repealed by the said Act of 1856 ; consequently the part of the judgment is incorrect which allows five per cent. Assistant City Attorney's commissions upon the amount sued for.

The Assistant City Attorney has filed in this court a remittitur for these fees, but this can not liberate plaintiff from the costs of appeal.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed, so far as it allows five per cent. Assistant City Attorney's commissions, and a special privilege for the same upon the amount sued for ; and it is further ordered and decreed, that in all other respects it be affirmed, and that plaintiff pay the costs of appeal.